## SCHWARZENBACH v. ONEONTA LIGHT & POWER CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1911.)

INJUNCTION (§ 24*)—PERPETUAL INJUNCTION—WHEN IMPROPER.

An electric light company should not be perpetually enjoined from maintaining a dam in such way as to overflow plaintiff's land, where his damages are slight and recoverable at law and such injunction would prevent the company from serving the public.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 23; Dec. Dig. § 24.*]

Betts, J., dissenting.

Appeal from Trial Term, Otsego County.

Action by Arthur Schwarzenbach against Oneonta Light & Power Company. From a judgment awarding damages for overflow of land, and perpetually enjoining maintenance of a dam in such way as to cause overflow, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

A. R. Gibbs, for appellant.

Alva Seybolt, for respondent.

PER CURIAM. Plaintiff's right to damages is established by the decision of this same plaintiff against the Electric Water Power Company of Oneonta, reported in 101 App. Div. 345, 92 N. Y. Supp. 187. His right to a perpetual injunction, however, does not necessarily follow that decision. In that case it did not appear that the defendant company was engaged in any public service, as it now appears in respect of this company. By the concession in the case the defendant has the only electric light plant by which the public is served at Oneonta, and it supplies the demand for electric lights in public places, business houses, and residences therein. The plaintiff's damage from 1902 to 1909 has been found to be only $75. That damage was so slight, for which the plaintiff has his remedy at law, that a court of equity will not decree a perpetual injunction, which will place the defendant in a position whereby it cannot perform the public service in which it is engaged. The judgment should therefore be modified, so as to suspend the operation of the injunction as long as the defendant shall be engaged in furnishing electric light to any municipality, and, as so modified, affirmed, with costs to the plaintiff.

Judgment modified, so as to suspend the operation of the injunction as long as the defendant shall be engaged in furnishing electric light to any municipality, and, as so modified, affirmed, with costs to the plaintiff.

BETTS, J., dissents, and votes for affirmance of the judgment in its entirety, without modification.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes